**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **LEWIS Y. DAWSON, JR.,** | ) | |
| **# 153733,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:17-cv-01083** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **CORECIVIC, INC., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM**

Lewis Y. Dawson, Jr., an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against CoreCivic, Inc., and Warden Charlie Peterson, alleging violations of his civil rights. (Doc. No. 1). As relief, the Plaintiff seeks monetary and injunctive relief.  (Id. at 9).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.   Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."   To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

III.    **Alleged Facts**

Plaintiff  alleges that, on April 26, 2017, while an inmate of the Metro-Davidson County Detention Facility, he slipped and fell due to standing water on the floor on his way from the dayroom area to his cell.  He injured his left ankle, right knee, and right toe when he  fell. According to the complaint, "CoreCivic's carelessness in the matter resulted in [the Plaintiff's] slip and fall." (Doc. No. 1 at 5).  After his fall, the Plaintiff requested medical attention and a transfer to a bottom bunk as he was having difficulty getting off and on to his top bunk.

The following day, the Plaintiff was examined and treated by Nurse f/n/u Gleen who ordered x-rays of the Plaintiff's knee and ankle.  She ordered the Plaintiff a knee brace and released him with a prescription for Naproxen 500 mg tablets.  On April 28, 2017, the Plaintiff's knee and ankle were x-rayed.  On May 9, 2017, the Plaintiff received additional Naproxen tablets.  He requested his x-ray results and doctor's notes on June 15, 2017, but he was not provided with either; however, a "medical staff rep" told the Plaintiff that he had a "broken and fractured knee cap." (Id. at 8).  To date, he is experiencing severe pain and has not been transferred to a bottom bunk.  He believes that he should have been prescribed stronger medication for pain. (Id.)

IV.    **Analysis**

First, Plaintiff alleges that the Defendants' "carelessness" (Doc. No. 1 at 5) caused or contributed to his slip and fall and resulting injuries.  He also alleges that he was denied timely and proper medical care for the injuries he sustained when he fell.  The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food,

clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984). To establish a violation of his Eighth Amendment rights, a plaintiff must show that prison officials acted with deliberate indifference in violating the plaintiff's constitutional or civil rights. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A claim of deliberate indifference under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. The requisite intent is more than mere negligence and is more akin to recklessness. Id.

Here, the complaint contains no allegations that either Defendant acted with deliberate indifference towards the Plaintiff with regard to the standing water; the complaint alleges only that the Defendants acted carelessly by failing to place a sign alerting inmates of the puddle. Allegations of negligence, however, are insufficient to entitle a § 1983 plaintiff to relief. Estelle, 429 U.S. at 105-06. Consequently, the Court finds that the complaint fails to state an Eighth Amendment claim

based on the negligence of the Defendants with regard to the wet floor.

With respect to the Plaintiff's allegations that either Defendant denied the Plaintiff proper medical treatment for the injuries he sustained when he fell, the complaint names Warden Peterson in his official capacity only and CoreCivic, Inc. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, Warden Peterson is employed by the Metro-Davidson Detention Facility, which is operated by CoreCivic. CoreCivic is "[a] private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." Thomas v. Coble, 55 F. App'x 748, 748 (6th Cir. 2003) (citing Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996)); see also Parsons v. Caruso, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. Thomas, 55 F. App'x at 748–49; Street, 102 F.3d at 817–18; Johnson v. Corr. Corp. of Am., 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of respondeat superior." Braswell v. Corr. Corp. of Am., 419 F. App'x 622, 627 (6th Cir. 2011).

To prevail on a § 1983 claim against CoreCivic, the Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. Id. The complaint alleges that the Plaintiff was examined by a nurse on the day following his fall and received x-rays of his knee and ankle on the next day. The nurse ordered a brace for the Plaintiff and prescribed him medication for his pain. The Plaintiff has not alleged that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by

CoreCivic.  As a result, the Plaintiff has not stated Eighth Amendment claims upon which relief can be granted under § 1983 regarding the medical treatment for his slip and fall injuries against Defendant Peterson in his official capacity or against CoreCivic.

**V.      Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against any Defendant.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2).  Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE